```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------

LAURA MCDANIEL and EDWARD MCDANIEL,

                Plaintiffs,         20cv1711 (JGK)

    - against -                  **MEMORANDUM OPINION AND ORDER**

REVLON, INC., et al.,

                Defendants.
---------------------------------------

**JOHN G. KOELTL, District Judge:**

On February 25, 2020, the plaintiffs, Laura McDaniel and Edward McDaniel, filed a complaint in the New York State Supreme Court, New York County, against the defendants, Whittaker, Clark & Daniels, Inc. ("WCD") and Revlon, Inc. ("Revlon"), for asbestos-related personal injury claims. On February 26, 2020, WCD removed the case to this Court under 28 U.S.C. § 1332(a) on the basis of complete diversity between the plaintiffs and the defendants, alleging that the plaintiffs are citizens of Maryland; WCD is a New Jersey corporation with its principal place of business in Connecticut; and Revlon is a Delaware corporation with its principal place of business in New York.[1] WCD answered the Complaint in this Court on the same day it removed the case, February 26, 2020. Dkt. No. 4. At the time that WCD removed the case, neither Revlon nor WCD had been

---

[1] The parties do not dispute that diversity jurisdiction is the only basis for jurisdiction in this Court.

1

served in the state court action. Dkt. No. 1 ¶ 6; Dkt. No. 12-1 (service on WCD of the state court summons and complaint on February 27, 2020); Dkt. No. 12-2 (service on Revlon of the state court summons and complaint on February 28, 2020). Revlon claims that it was served in the federal case on March 2, 2020. Dkt. No. 13, at 4. On March 23, 2020, Revlon answered the Complaint. Dkt. No. 7.

On March 27, 2020, the plaintiffs moved to voluntarily dismiss this case without prejudice. The plaintiffs argue that the motion should be granted to allow them to re-file the case in the New York State Supreme Court, New York County, where there is a dedicated asbestos docket, the New York City Asbestos Litigation ("NYCAL") docket, that allows for accelerated trials for living plaintiffs with mesothelioma or late stage lung cancer allegedly caused by exposure to asbestos. The plaintiffs argue that WCD "snap removed" the case to this Court before Revlon, a citizen of New York, could be served with the state court complaint, in order to circumvent the forum defendant rule in 28 U.S.C. § 1441(b)(2), which states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Because both defendants have answered the Complaint and the defendants do not consent to dismissal, the plaintiffs cannot move to dismiss this case pursuant to Rule 41(a), see Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). The plaintiffs must instead move to dismiss this case pursuant to Rule 41(a)(2).[2] Rule 41(a)(2) provides that, without the consent of the defendants, an action may be dismissed by the plaintiff "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[3] Unless the order states otherwise, a dismissal pursuant to Rule 41(a)(2) is without prejudice. Id. Although voluntary dismissal without prejudice pursuant to Rule 41(a)(2) is not a matter of right, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."

---

[2] Although the defendants repeatedly refer in their papers to the plaintiffs' motion as a motion to remand by another name and repeatedly argue that removal to this Court was proper, these arguments are beside the point. WCD had the right to remove the action to this Court before Revlon, the forum state defendant was served in the state court action. See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 707 (2d Cir. 2019) (finding that pre-service removal by a forum defendant is authorized by 28 U.S.C. § 1441(b)(2)). But the question for the Court on this motion is not whether removal to this Court was proper or whether remand to the state court would now be proper. The only question is whether an order of dismissal without prejudice pursuant to Rule 41(a)(2) is warranted.

[3] Rule 41(a)(2) also provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." In this case, neither defendant included a counterclaim against the plaintiffs in its answer and neither defendant urges that the existence of cross claims for indemnification and contribution by Revlon against WCD would be a bar to dismissal.

Paulino v. Taylor, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) (quoting Banco Cent. de Paraguay v. Paraguay Humanitarian Found., Inc., No. 01-cv-9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006)).

The Second Circuit Court of Appeals has made clear that "starting a litigation all over again does not constitute legal prejudice." D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996) (citing Jones v. SEC, 298 U.S. 1, 19 (1936)). Rather, in cases in which the plaintiff retains the right to relitigate the case unconditioned on the defendants' future actions, courts should evaluate prejudice by looking at the five factors set out by the Court of Appeals in Zagano v. Fordham University: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on the plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d 12, 14 (2d Cir. 1990); see also Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (directing courts to apply the Zagano factors in the "typical case of a Rule 41(a)(2) dismissal without prejudice, [in which] the plaintiff has obtained the unfettered right to renew the action against the defendant.").

In this case, all five of the Zagano factors favor the plaintiffs.

First, the plaintiffs have clearly acted diligently in moving to dismiss the case just 30 days "after the events that led to their decision not the pursue the action at this time," namely WCD's removal of the state court action to this Court. Hinfin Realty v. Pittston Co., 206 F.R.D. 350, 355 (S.D.N.Y. 2002); Am. Fed. of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc., No. 12-cv-2237, 2013 WL 2391713, at *3 (S.D.N.Y. June 3, 2013) (finding that the plaintiffs had acted diligently when they filed a Rule 41(a)(2) motion roughly two months after the occurrence of the event that prompted the plaintiffs to seek voluntary dismissal of the action).

Second, the plaintiffs have not acted with undue vexatiousness. Vexatiousness is present where "the case was brought to harass the defendant," Hinfin Realty, 206 F.R.D. at 356, or where the plaintiff brought the suit because of an ill motive, such as where the plaintiff never intended to provide discovery, where the plaintiff brought duplicative suits, or where the plaintiff misrepresented its intention to prosecute the action. See Jose Luiz Pelaez, Inc. v. McGraw Global Educ. Holdings, LLC, No. 16-cv-5393, 2018 WL 1115517, at *4 (S.D.N.Y. Feb. 26, 2018). There are no allegations that the plaintiffs

5

have brought this action to harass the defendants or that the plaintiffs have proceeded with an ill motive. Rather, the plaintiffs allege that they simply want a speedy adjudication of their claims that they believe can be achieved on the specialized docket in the state court. The plaintiffs' actions litigating this case, including now moving to dismiss this action without prejudice, are consistent with their professed desire to proceed in a tribunal that can hear their claims as quickly as possible in light of Laura McDaniel's alleged severe case of mesothelioma.

Third, the case is still in the very early stages. The litigation is at its earliest stages before any discovery has occurred. The defendants could not have spent any considerable resources in defending this case in which the defendants have only answered the Complaint and opposed the current motion. The third factor therefore weighs strongly in favor of dismissal. See SEC v. Compania Internacional Financiera S.A., No. 11-cv-4904, 2012 WL 1856491, at *6 (S.D.N.Y. May 22, 2012) (finding this factor favored dismissal where "discovery in this matter is not complete"); Ascentive, LLC v. Opinion Corp., No. 10-cv-4433, 2012 WL 1569573, at *5 (E.D.N.Y. May 3, 2012) ("Where, as here, discovery remains in its early stages, this factor militates in favor of dismissal without prejudice."); Pfizer, 2013 WL 2391713, at *4 (finding dismissal was warranted where "there has

6

been no discovery, summary judgment briefing, or trial preparation.").

Fourth, the defendants will not be exposed to duplicative expenses related to relitigation if the case is dismissed because the parties have not yet engaged in discovery and the defendants' expenses so far appear to come only from responding to the current motion and from answering the complaint. The defendants could have avoided any expense in responding to the current motion by stipulating to a dismissal without prejudice. Any expense in answering the motion is likely to be minimal and the same work can be used in any forthcoming state court litigation. See Ascentive, 2012 WL 1569573, at *6 ("In the event that [the plaintiff] again files suit against [the defendant] in another court, it is likely that the grounds will be the same and [the defendant] will thus be able to use much of the work that it has completed in this action in defending any subsequent suit."); Hinfin Realty, 206 F.R.D. at 356 ("Further, this is not a case in which substantial discovery has been conducted, and the Court does not perceive a large amount of duplicative expenditures."). In short, the defendants "have made no showing of duplicative expense regarding the claims Plaintiffs seek to dismiss without prejudice" and therefore this factor weighs in favor of dismissal. See Jose Luis Pelaez, 2018 WL 1115517, at *4.

Finally, the plaintiffs' explanation for why they seek to dismiss this case without prejudice is not only adequate, it is compelling. The plaintiffs allege that Laura McDaniel suffers from mesothelioma because of exposure to asbestos as a result of the defendants' negligence. The plaintiffs seek to dismiss the case without prejudice in order to re-file the case in the state court where the plaintiffs allege that they will be able to seek speedy relief on a specialized accelerated docket.

The strength of the plaintiffs' explanation for seeking an order of dismissal without prejudice distinguishes this case from a case cited by the defendants, In re Rezulin Products Liability Litigation, No. 00-cv-2843, 2002 WL 31002809 (S.D.N.Y. Sept. 5, 2002). In Rezulin, the plaintiff's case was one of many cases that originated in state court and were removed to federal court to be consolidated in a multidistrict litigation ("MDL") proceeding. In Rezulin, the plaintiff sought to dismiss the case in order to evade federal MDL jurisdiction. Id. at *1. As the court noted, "[s]uch efforts, if permitted to succeed, would undermine the entire MDL concept. While the Court is well aware tha[t] many plaintiffs would prefer to be in state court, defendants have removal rights that such plaintiffs are not entitled to ignore or circumvent[.]" Id. Unlike Rezulin, the current case does not involve an effort to avoid an MDL proceeding.

8

The more analogous case is not Rezulin, but Goodwin v. Reynolds, 757 F.3d 1216 (11th Cir. 2014). In Reynolds, as in this case, non-forum defendants removed a case originally filed in state court to federal court before the forum defendant had been served. Id. at 1218. In affirming the district court's grant of the plaintiff's motion to dismiss the case pursuant to Rule 41(a)(2), the Eleventh Circuit Court of Appeals noted that "[t]he only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal," and also noted that there was "no indication that Plaintiff fraudulently joined the forum defendant, Reynolds, for the sole purpose of triggering the forum-defendant rule." Id. 1221-22. Similarly, in this case, there is no allegation that the plaintiffs fraudulently joined Revlon in order to invoke the forum defendant rule and defeat removability. Rather, in this case, WCD appears to have engaged in the same kind of "gamesmanship" that the Eleventh Circuit Court of Appeals noted in Reynolds would turn the "properly joined and served" requirement of 28 U.S.C. § 1441(b)(2) "on its head." Id. at 1221.

Because all of the Zagano factors weigh in favor of dismissal, the plaintiffs' motion is **granted**.

**CONCLUSION**

To the extent not addressed above, the arguments of the parties are either moot or without merit. The plaintiffs' motion to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2) is **granted.** The Clerk is direct to enter judgment dismissing this case without prejudice. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 5, 2020**                                    /s/ John G. Koeltl
                                         **John G. Koeltl**
                                 **United States District Judge**